## SETTLEMENT AGREEMENT AND RELEASE
## OF FLSA CLAIMS AND NON-FLSA CLAIMS

1. This Agreement covers all understandings between and among Plaintiff Elena Del Toro ("Del Toro") and Defendant American Janitorial, Inc. ("AJI") which relate to the subject matter of the lawsuit *Del Toro v. American Janitorial, Inc.*, Case No.: 5:16-cv-667-Oc-34PRL (the "Lawsuit"), pending in the United States District Court for the Middle District of Florida.

2. For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Del Toro acknowledges and agrees as follows:

   a. To settle all claims and causes of action between Del Toro and AJI which are the subject matter of the Lawsuit, and release and forever discharge AJI from all and any manner of actions, causes of actions, suits, rights to attorneys' fees, debts, claims and demands whatsoever in law or equity by reason of any claims or actions, including those which are the subject matter of the Lawsuit. The claims Del Toro is releasing include, but are not limited to, any and all allegations that AJI:

      i. failed to provide overtime or any other wages to Del Toro in violation of the Fair Labor Standards Act, as amended, Florida common law, or any other federal, foreign, state or local wage-hour law, statute, regulation or ordinance;

      ii. failed to properly record, account for, and/or report to the IRS all of the monies paid to Del Toro as compensation for all of the hours that she worked during the course of her business relationship with AJI, and/or filed fraudulent information returns with the IRS in violation of 26 U.S.C. § 7434;

      iii. unlawfully deducted from the compensation paid to Del Toro amounts for Workers' Compensation benefits in violation of Florida Statute §440.105(4)(a)(2);

      iv. is in any way obligated for any reason to pay Del Toro's wages, restitution, damages, expenses, litigation costs (including attorneys' fees), backpay, frontpay, premium pay, disability or other benefits, liquidated damages, compensatory damages, punitive damages, and/or interest; or

      v. is in any way obligated for any reason to provide legal, declaratory, equitable, or injunctive relief.

   b. That this settlement is the compromise of disputed issues of law and fact and does not constitute an admission by AJI of any violation of any federal, foreign, state, or local law, statute, regulation or ordinance, or any violation of any of Del Toro's

*[signature]* 6/1/17

   rights or of any duty owed by AJI to Del Toro.

   c. To a dismissal with prejudice of the Lawsuit.

   d. That she has completely read this Agreement and has had sufficient opportunity to examine it and ask questions and consult with her attorneys and other persons of her own choosing prior to entering into this Agreement. Del Toro further acknowledges that she is signing this Agreement voluntarily and without coercion or duress and with full understanding of its terms and effects. Del Toro has not been promised any benefit except for the mutual consideration set out herein and there are no other understandings or oral/written agreements relating to her separation from any business relationship with AJI except those set out herein.

   e. That nothing in this Agreement restricts or impedes Del Toro from (a) exercising protected rights to the extent that such rights cannot be waived by agreement; (b) complying with any applicable law or regulation or a valid order of a court of competent jurisdiction; (c) reporting possible violations of law, rule or regulation to any governmental agency; (d) filing an administrative charge or participating in any government agency investigation or proceeding (although Del Toro waives the right to recover monetary damages in connection with any charge, complaint or lawsuit filed by Del Toro or anyone else); or (e) making any other disclosure that is protected by law.

3. For and in consideration of the promises outlined in Paragraph 2 of this Agreement, AJI agrees to pay total consideration in the amount of $13,500.00, which includes:

   a. A check payable to Del Toro in the total amount of $5,500.00 in full settlement of Del Toro's FLSA claims against AJI ("FLSA Payment"). AJI will issue a Form 1099 in connection with this payment.

   b. A check payable to Del Toro in the total amount of $2,000.00 as separate consideration to resolve any and all of Del Toro's non-FLSA claims against AJI ("Non-FLSA Payment"). AJI will issue a Form 1099 in connection with this payment.

   c. A check payable to Wenzel Fenton Cabassa, P.A., Tax ID # 26-3957624, in the amount of $6,000.00, which amount shall be attributable to Del Toro's attorneys' fees and costs ("Fees Payment"). AJI will issue a Form 1099 in connection with this payment.

The total settlement sum shall be delivered to Wenzel Fenton Cabassa, P.A., Attention: Luis A. Cabassa, 1110 N. Florida Avenue, Suite 300, Tampa, FL 33602 within fifteen (15) business days of the Court's approval of the parties' settlement.

4. In exchange for and in consideration of the FLSA Payment and Fees Payment being made under this Agreement, Elena Del Toro, for herself, her attorneys, heirs, executors,

2

*Edith 6/1/17*

administrators, successors and assigns, fully, irrevocably, unconditionally and forever waives, discharges, and releases AJI, its respective parents, subsidiaries, divisions, related and affiliated entities and companies and their respective successors and assigns, and their directors, shareholders, officers, members, agents, administrators, trustees, attorneys, representatives, employees in their individual and official capacities, and their heirs, executors, and administrators (the "Released Parties"), from any and all claims for unpaid wages, overtime, and/or liquidated damages, that were or could have been asserted in the Lawsuit, as well as any other wage and hour claim of any kind based on the same factual predicate as this action.

In exchange for and in consideration of the Non-FLSA Payment being made under this Agreement, Elena Del Toro, for herself, her attorneys, heirs, executors, administrators, successors and assigns, fully, irrevocably, unconditionally and forever waives, discharges, and releases the Released Parties from any and all charges, claims, actions, and causes of action against the Released Parties from the beginning of time through the date of this Agreement, including but not limited to any claims arising from alleged false and/or fraudulent filing of information returns under 26 U.S.C. §7434(a), alleged unlawful deductions in violation of Florida Statute §440.105(4)(a)(2), any alleged employment with or separation from alleged employment with AJI, any claims arising under (i) the United States Constitution, Title VII of the Civil Rights Act of 1964, as amended, the ADA, as amended, the FMLA, the Equal Pay Act, as amended, the Employee Retirement Income Security Act, as amended (with respect to unvested benefits), the Civil Rights Act of 1991, as amended, Section 1981 of U.S.C. Title 42, the Sarbanes-Oxley Act of 2002, as amended, the Worker Adjustment and Retraining Notification Act, as amended, the National Labor Relations Act, as amended, the Genetic Information Nondiscrimination Act of 2008, the FCRA, Florida Whistleblower Protection Act, Florida Workers' Compensation Law Retaliation provision, Florida Wage Discrimination Law, Florida Minimum Wage Act, Florida Equal Pay Law, Florida AIDS Act, Florida Discrimination on the Basis of Sickle Cell Trait Law, Florida OSHA, the Florida Constitution, the Florida Fair Housing Act, any regulations promulgated pursuant to any of the foregoing and/or any other Federal, state or local law (statutory, regulatory or otherwise) that may be legally waived and released and (ii) any tort and/or contract claims, including any claims of breach of implied or express contract, unjust enrichment, wrongful discharge, defamation, negligent or intentional infliction of emotional distress, negligent and intentional misrepresentation, tortious interference with contract or a business relationship, fraudulent inducement, fraudulent concealment, invasion of privacy, assault, battery, false imprisonment, nonphysical injury, personal injury or sickness or any other harm.

However, this release and waiver of claims excludes, and Del Toro does not waive, release or discharge, (i) any claims which cannot be waived by law; and (ii) any right to file an administrative charge or complaint with the Equal Employment Opportunity Commission or other administrative agency. Del Toro agrees that in the event a regulatory agency, including, but not limited to the Equal Employment Opportunity Commission, or any other federal, state or local agency, files a petition or claim on her behalf, or attempts in any way to bring an action against any Released Party by alleging

3

*[handwritten: EndTn 6/1/17]*

damages or injury sustained by Del Toro, Del Toro waives any right to monetary relief related to such action.

5. In the event that Del Toro and/or AJI commence(s) an action for damages, injunctive relief, or to enforce the provisions of this Agreement, the prevailing party in any such action shall be entitled to an award of her/its reasonable attorneys' fees and all costs, including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

6. Del Toro agrees that the payments made by AJI under this Agreement may be subject to additional withholdings and/or taxes. Del Toro agrees that she will bear sole and exclusive responsibility for paying any additional applicable withholding and taxes, as well as any interest or penalties imposed by the Internal Revenue Service or other taxing authority. Del Toro agrees to indemnify and hold the Released Parties harmless from any penalties, fines or assessments levied by any taxing authority.

7. Del Toro acknowledges that AJI's agreement to pay the Non-FLSA Payment amount set forth in subparagraph 3(b) above constitutes consideration to which Del Toro was not otherwise entitled, and that the payment of the amount is adequate consideration for her release of any and all non-FLSA claims pursuant to this Agreement.

8. No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by all parties.

9. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of the Agreement and all other valid provisions shall survive and continue to bind the parties.

10. The law governing this Agreement shall be that of the United States and the State of Florida.

ELENA DEL TORO
*[signature]*
amount -5,500-
        -2,000-
        -7,500
DATE 6/1/2017

AMERICAN JANITORIAL, INC.
*[signature]*
By: Jorden Dailey, President
Its: Authorized Signatory
DATE 14 June 17

Eletta 6/1/17

4