# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**ELENA DEL TORO,**

    Plaintiff,

v.                                                                 Case No: 5:16-cv-667-Oc-34PRL

**AMERICAN JANITORIAL, INC.**

    Defendant.

## REPORT AND RECOMMENDATION[1]

Upon referral, this Fair Labor Standards Act matter is before the Court on the parties' Joint Motion for Approval of Settlement. (Docs. 22, 22-1). Thus, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over Fair Labor Standards Act ("FLSA") issues. *See Lynn's Food Stores*, *Inc. v. United States*, 679 F.2d 1350, 1354–55 (11th Cir. 1982).

### I. LEGAL STANDARDS

If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id*. at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 113 n.8 (1946)).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.*

## II. DISCUSSION

In her Complaint, Plaintiff asserts numerous claims against Defendant (including a FLSA claim and non-FLSA claims): unpaid overtime under the FLSA; unpaid wages under Florida common law and Florida Statute § 448.08; false and fraudulent filing of information returns under 26 U.S.C. § 7434(a); and unlawful deductions under Florida Statute § 440.105(4)(a)(2) in connection with Plaintiff's alleged former employment. (Doc. 8). Under the parties' proposed Settlement Agreement (Doc. 22-1), Defendant will pay a total sum of $13,500 to resolve this matter, to include the following: (1) $5,500 to Plaintiff for her FLSA claims; (2) $2,000 to Plaintiff for her non-FLSA claims; and (3) $6,000 to Plaintiff's counsel for attorney's fees and costs.

According to the parties, this proposed settlement is a compromise based on several disputed issues, which include (1) whether the FLSA governed the employment relationship between Plaintiff and Defendant, (2) the total amount of hours worked by Plaintiff, (3) the agreed-to amount of Plaintiff's compensation, (4) the amount of compensation that Plaintiff actually

received, and (5) the lawfulness of certain compensation deductions taken by Defendant. (Doc. 22 at 3). The parties, who were represented by counsel, agree that this is a fair and reasonable settlement.

As to the release for the non-FLSA claims (Doc. 22-1 at ¶4), the parties represent that the amount of consideration ($2,000) for this release was agreed to *separately* (without regard to the amount of Plaintiff's FLSA recovery) and *after* the parties agreed upon the amount to be paid for the FLSA claims. (Doc. 22 at 4). Plaintiff further represents that this compensation is not only adequate for the release of these claims but that she is not otherwise entitled to it. (Doc. 22-1 at ¶7). Also, I note that this release allows Plaintiff to file (1) any claims that are not waivable and (2) a complaint (or charge) with the Equal Employment Opportunity Commission (or other agencies), but the release prohibits Plaintiff from obtaining any monetary relief from such actions. (Doc. 22-1 at ¶¶4, 7). This release, of course, is for claims separate from FLSA claims; the Court, therefore, does not express an opinion on it but notes only that this release does not render the proposed FLSA settlement unfair or unreasonable. *See Brozman v. Jenniferjames Haircolorxperts*, LLC, 2016 U.S. Dist. LEXIS 23231, *1 n. 1 (M.D. Fla. Feb. 25, 2016) (expressing no opinion on separate general releases of non-pending claims); *Middleton v. Sonic Brands L.L.C.*, No. 6:13-CV-386-ORL-18, 2013 WL 4854767, at *3 (M.D. Fla. Sept. 10, 2013) (finding that as "substantial consideration" was paid to plaintiff beyond the amount arguably due under the FLSA, the general release did not render the settlement unfair or unreasonable).

With respect to the agreed-to sum for attorney's fee and costs, the parties represent that they were negotiated separately from Plaintiff's recovery. (Doc. 22 at 4); *see Bonetti v. Embarq Mgmt.Co.*, Case No.: 6:07-cv-1335, 2009 WL 2371407 (M.D. Fla. Aug. 4, 2009). Under the

circumstances, I submit that the amount of $6,000 for attorney's fees and costs appears to be reasonable.[2]

### III. RECOMMENDATION

Accordingly, and upon due consideration, I **RECOMMEND** that the Court **GRANT** the parties' joint motion for approval of the settlement agreement (Doc. 22), as it is a fair and reasonable compromise of Plaintiff's FLSA claim.

**Recommended** in Ocala, Florida on June 22, 2017.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] In reaching this conclusion, the Court recognizes that it must consider the reasonableness of any award of attorney's fees, but it is not required to conduct "'an in depth analysis . . . unless the unreasonableness is apparent from the face of the documents.'" *King v. My Online Neighborhood, Inc.*, No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007) (quoting *Perez v. Nationwide Protective Servs.*, Case No. 6:05-cv-328-ORL-22JGG (M.D. Fla. Oct. 31, 2005)). As the total fee award sought in this case is not patently unreasonable based on the history of this case and as Plaintiff does not contest the reasonableness of the award, the Court has not conducted an in-depth analysis of the attorney's fees sought. Accordingly, the award of attorney's fees in this action does not reflect a determination that the hourly rate or time charged by Plaintiff's counsel constitutes a reasonable hourly rate in this or any applicable market.